# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**Dan Thelen,**

        **Plaintiff,**

**v.**                                                                   Case No. 19-2341-JWL

**Hodgdon Powder Company, Inc.,**

        **Defendant.**

## MEMORANDUM & ORDER

Plaintiff filed this lawsuit against his former employer alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. On August 1, 2019, defendant filed a motion to dismiss Count IV of the complaint which asserted a claim for constructive discharge. Defendant argued in the motion that the constructive discharge claim was subject to dismissal because it did not identify any statutory or common law basis for the claim and, in any event, was duplicative of the Title VII claims set forth in Count I (sexual harassment that led to tangible employment action of constructive discharge) and Count III (retaliation that culminated in constructive discharge).

On August 22, 2019, plaintiff filed an amended complaint pursuant to Federal Rule of Civil Procedure 15(a)(1)(B) and did not otherwise respond to the motion to dismiss. The amended complaint clarifies that the constructive discharge alleged in Count IV is asserted under Title VII. But because the amended complaint did not address the issue of whether the claim is duplicative of the allegations contained in Counts I and III, the court directed plaintiff to show good cause in writing to the court why Count IV of the amended complaint should not be dismissed on the basis

that it is duplicative of the constructive discharge allegations contained in Counts I and III of the amended complaint. Plaintiff has now responded to the court's order and defendant has replied to that response.

Defendant asserts that plaintiff's constructive discharge claim as set forth separately in Count IV is subject to dismissal under Rule 12(b)(6) because "constructive discharge" is not a "free-standing claim for relief" and only duplicates the constructive discharge allegations already set forth in Counts I and III. In analyzing defendant's motion, the court accepts as true "all well-pleaded factual allegations in the complaint and view[s] them in the light most favorable to the plaintiff." *Burnett v. Mortgage Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013) (citation omitted). The court then determines whether the plaintiff has provided "enough facts to state a claim to relief that is plausible on its face." *Safe Streets Alliance v. Hickenlooper*, 859 F.3d 865, 878 (10th Cir. 2017) (citations omitted). In determining the plausibility of a claim, the court looks to the elements of the particular cause of action, "keeping in mind that the Rule 12(b)(6) standard [does not] require a plaintiff to set forth a prima facie case for each element." *Id.* (quotations omitted). While "the nature and specificity of the allegations required to state a plausible claim will vary based on context," "mere 'labels and conclusions' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual allegations to support each claim." *Id.* (citations and quotations omitted). Thus, a "claim is facially plausible if the plaintiff has pled 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

The doctrine of constructive discharge arises when an employer allows unlawful discrimination or harassment to rise to such a level that a reasonable employee would have no choice but to elect to resign, rather than continue to endure it. *Narotzky v. Natrona County Memorial Hosp.*, 610 F.3d 558, 565 (10th Cir. 2010). Plaintiff's amended complaint contains constructive discharge allegations in Count I and Count III and as a separate claim in Count IV. In Count I, plaintiff alleges that he was subjected to a hostile work environment based on sex and that the environment ultimately caused plaintiff's constructive discharge. The constructive discharge allegations in Count I appear to serve the purpose of increasing the remedies available to plaintiff on his sexual harassment claim. See *Pennsylvania State Police v. Suders*, 542 U.S. 129, 141 (2004) ("Under the constructive discharge doctrine, an employee's reasonable decision to resign because of unendurable working conditions is assimilated to a formal discharge for remedial purposes."). In Count III, plaintiff alleges that defendant retaliated against him for opposing sexual harassment in the workplace by advising him not to apply for a promotion; spreading rumors about him and his family; excluding him from meetings; and causing his constructive discharge. The constructive discharge allegations in Count III, then, appear to serve the purpose of setting forth an adverse employment action (in addition to non-termination adverse actions) as an element of his retaliation claim.

While plaintiff in Count IV reiterates his constructive discharge allegations and continues to tie those allegations to his sexual harassment claim and his retaliation claim, he makes additional allegations that the combination of defendant's alleged harassing and retaliatory conduct caused his constructive discharge. These allegations are sufficient to support a distinct theory of constructive discharge. And despite defendant's insistence that a "stand alone" claim

3

for constructive discharge does not exist,[1] both the Supreme Court and the Tenth Circuit have suggested otherwise. *See Green v. Brennan*, 136 S. Ct. 1769, 1779 (2016) (describing Court's opinion in *Pennsylvania State Police v. Suders*, 542 U.S. 129, 141 (2004), as holding that constructive discharge is a distinct claim and not only a means to expand available remedies); *Dulany v. Brennan*, 736 Fed. Appx. 199, 204 (10th Cir. June 7, 2018) (describing the plaintiff's constructive discharge theory as a "distinct theory of liability" separate from simply asserting constructive discharge as a way to prove an adverse employment action as an element of the plaintiff's retaliation claim); *Johnson v. Weld County*, 594 F.3d 1202, 1217 n.6 (10th Cir. 2010) (distinguishing plaintiff's retaliation claim from her constructive discharge claim). Thus, the court cannot say at this juncture that there is no plausible basis for plaintiff's separate theory of constructive discharge as alleged in Count IV of the amended complaint. The motion is denied.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion to dismiss Count IV of the complaint (doc. 10) is **denied.**

**IT IS SO ORDERED.**

Dated this 24th day of September, 2019, at Kansas City, Kansas.

_____
John W. Lungstrum
United States District Judge

---

[1] In support of this assertion, defendant cites only an unpublished Fifth Circuit decision and a decision from the Northern District of Texas, neither of which are binding on this court.